UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

JOHN NORTON-GRIFFITHS,            )
MARILYN NORTON-GRIFFITHS,         )
                                  )
         Plaintiffs,              )
                                  )
    v.                            )   Case No. 5:10-cv-169
                                  )
WELLS FARGO HOME MORTGAGE,        )
                                  )
         Defendant.               )

**ENTRY ORDER
DENYING DEFENDANT'S MOTION TO AMEND,
DENYING PLAINTIFFS' MOTION FOR SANCTIONS, AND
DENYING DEFENDANT'S REQUEST FOR ATTORNEY'S FEES**
(Docs. 17, 19, 22)

This matter comes before the court on Defendant's motion to amend its filings, *nunc pro tunc*, to correct the name of the corporate defendant in this action (Doc. 17), on Plaintiffs' motion for sanctions (Doc. 19), and on Defendant's request for an award of attorney's fees (Doc. 22.)

I.  **Factual and Procedural Background.**

This case arises out of a dispute between the parties regarding the terms and conditions of Plaintiffs' residential mortgage, after Plaintiffs requested a modification of the interest rate set forth therein. In their Complaint, Plaintiffs allege that their residential mortgage is held by Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A., and that their claims lie solely against that entity. Defendant's original notice of appearance and corporate disclosure was filed on behalf of Wells Fargo Home Mortgage, Inc. Plaintiffs assert that Wells Fargo Home Mortgage, Inc. is not a party in interest to their residential mortgage and "holds no legal right to interfere in this litigation." (Doc. 19 at 1.)

On November 3, 2010, in the course of oral argument on Defendant's motion to dismiss, Plaintiffs questioned whether Defendant's counsel represented the entity that

held their residential mortgage. Following oral argument, Defendant's counsel investigated the issue. In a declaration submitted to the court with Defendant's motion to amend, Defendant's attorney explained that he had relied on outdated information in his law firm's records which "still showed that Wells Fargo Home Mortgage, Inc. had a separate corporate existence, notwithstanding the fact that that corporate entity had merged into its parent, Wells Fargo Bank N.A., in 2004." (Doc. 17-1, ¶ 2.) In reliance on those records, counsel stated that he had mistakenly identified his client when he prepared the corporate disclosure form and when he identified the defendant in his filings.

On November 24, 2010, Plaintiffs served a motion for sanctions, pursuant to Fed. R. Civ. P. 11, on Defendant's counsel. On November 30, 2010, pursuant to Local Rule 7(a)(7), Defendant's counsel attempted to address Plaintiffs' motion for sanctions by seeking Plaintiffs' consent to an amendment to Defendant's filings to reflect the proper corporate defendant. Although Plaintiffs were willing to discuss the matter with Defendant's counsel further, they refused to consent to the proposed amendment and threatened to pursue their motion for sanctions and end the careers of Defendant's counsel:

> We thank you for your E-Mail. <u>Our answer is No</u>! Under **no** circumstances can you just blithely amend your pleadings, in this manner, to change "your clients" name arbitrarily, to the name of another corporation, unless you are truly desirous to bring an end [to] your careers, very abruptly!
>
> You still do not understand and are not getting it correct. "Doing Business As" is a description, strictly **reserved** to **persons** (i.e. **humans**). It is a concept which does not exist in the corporate world. However, you do, more or less, **admit** that Wells Fargo Home Mortgage Inc., the corporation, **no longer exists**! That is the end of your appearance in this action! Therefore, your proposal would not only be dumb, it would be dishonest. Believe us, we do know what we are doing and saying!
>
> You must stop these guessing games. We know precisely how you should have described yourselves and the party you are claiming to represent, <u>if you were truly appearing for the **real** defendant</u>. Since you still seem to be unable to do so, your idea fails to convince that you are properly before the Court in this action. You are now giving the impression of trying to stay in at all costs.

2

> Your difficulty in these issues is that you are not the recorded "retained lawyers" of Wells Fargo Bank N.A., who usually appear for their cases in the State of Vermont. There are real grounds for us to believe that your engagement may have been by a "rogue employee", as we suggested on November 3. You have a lot of work to do to convince us that this is not the case. So far, you have not yet started.
>
> * * *
>
> Until you can **convince** us that you have been properly and lawfully engaged by the real defendant, then you may not file the motion you now propose, **without** our strongest objections. Our current Rule 11 Motion still stands. Please note that this motion has been served upon you, by the proper means, ... This motion is **not** a **draft**! Should you file your proposed Motion over our objections, then we will file the Rule 11, even though the 21 days may not have expired.

(Doc. 17-2 at 3-4.) Plaintiffs added that, in order to be convinced that counsel represented the "real defendant," counsel would have to present to them, for "inspection and copying," their non-privileged letter of engagement "showing precisely the Name, Position and Legal Authority of the person who has tried to engage your firm." (Doc. 17-2 at 4.) If counsel could not produce that document, Plaintiffs advised counsel that "it will be far better for the two of you, and your firm, to 'quietly remove yourselves' from this action, before the Rule 11 must be filed with the Court, **on December 16**." (Doc. 17-2 at 4.)

On December 10, 2010, Defendant filed its motion to amend, *nunc pro tunc*, to correct the name of the Defendant to Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A. Plaintiffs oppose that motion.

On December 16, 2010, Plaintiffs filed their motion for sanctions. Plaintiffs seek: (1) an order that Wells Fargo Home Mortgage, Inc. is not a party in interest, has no standing, and is dismissed from the lawsuit; (2) an order that Defendant's counsel, Andre D. Bouffard, Esq. and Merritt S. Schnipper, Esq., do not represent the true defendant, are dismissed from the action, and that neither attorney nor their firm could represent the "true Defendant" when it appears before the court; (3) an order that all filings by counsel in this lawsuit are null and void; and (4) an order that counsel are to reimburse Plaintiffs for all costs to date in this action. (Doc. 19 at 7-8.)

3

In its opposition to Plaintiffs' motion for sanctions, Defendant requests an award of attorney's fees, pursuant to Fed. R. Civ. P. 11(c)(2), as a sanction for Plaintiffs' alleged willful violation of Rule 11. In support of this request, Defendant points to Plaintiffs' statement that if Defendant did not comply with their demands before seeking leave to amend, Plaintiffs would file their sanctions motion notwithstanding Rule 11's twenty one day safe harbor provision. *See* Doc. 17-2 at 4 ("Should you file your proposed Motion over our objections, then we will file the Rule 11, even though the 21 days may not have expired.").

## II.  Legal Analysis and Conclusions.

### A. Defendant's Motion to Amend.

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993); *see also State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) ("Reasons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party."). A court must have "good reason" to deny leave to amend. *See Kropelnicki v. Siegel*, 290 F.3d 118, 130 (2d Cir. 2002).

Although Plaintiffs claim that due diligence on Defendant's counsel's part would have obviated the need for a motion to amend, Plaintiffs make no showing that the proposed amendment is made in bad faith, will result in undue delay, or would be futile. Mere accusations of improper motive will not suffice. Nor have Plaintiffs borne their burden of showing that they would suffer substantial prejudice if leave to amend were granted. Accordingly, under Rule 15, leave to amend should be granted. Nevertheless, while the declaration Defendant filed in support of its motion to amend explains how the corporate defendant came to be misidentified, it does not affirmatively address Plaintiffs' principal concern regarding whether Defendant's counsel represents the entity that holds Plaintiffs' residential mortgage. To address this concern, as a condition precedent to granting leave to amend, the court will require Defendant's counsel to file a declaration

4

under oath, identifying the corporate entity they represent and explaining how that entity allegedly came to hold Plaintiffs' residential mortgage. Defendant's motion to amend is thus DENIED WITHOUT PREJUDICE.

### B. Plaintiffs' Motion for Sanctions.

Rule 11 provides in part that a motion for sanctions "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). The twenty-one day window for corrections is known as Rule 11's "safe harbor" provision. *Lawrence v. Richman Group of Conn. LLC*, 620 F.3d 153, 156 (2d Cir. 2010). "By . . . encouraging correction or withdrawal of defective filings, Rule 11's safe harbor provision seeks to reduce, if not eliminate, the unnecessary expenditure of judicial time and adversary resources." *Id.* at 158. "A motion that fails to comply with the safe harbor provision of Rule 11 must be denied." *Castro v. Mitchell*, 2010 WL 3001640, at *2 (S.D.N.Y. Aug. 3, 2010) (citing cases).

Here, Defendant moved to correct its filings within 21 days of service upon it of Plaintiffs' motion for sanctions. Plaintiffs nonetheless filed their motion for sanctions within the safe harbor period. They claim they did so because it is their interpretation of the applicable rules that they must consent to any amendments Defendant proposes to make to its filings with the court. Nothing in Rule 11 or Rule 15 supports this interpretation. The Local Rules merely require Defendant to *seek* Plaintiffs consent, a requirement with which Defendant has complied. *See* L.R. 7(a)(7) ("A party filing a non-dispositive motion must certify that the party has made a good faith *attempt* to obtain the opposing party's agreement to the requested relief. *If obtained*, the statement of agreement must be in the body of the motion. . . .") (emphasis supplied). Because Plaintiffs' motion for sanctions violated Rule 11's safe harbor provision, it must be DENIED.

### C. Defendant's Request for Attorney's Fees.

Defendant requests an award of attorney's fees as a sanction for Plaintiffs' willful violation of Rule 11, and on the ground that Defendant is the "prevailing party" with

5

regard to Plaintiffs' motion.[1] The court has concluded that Plaintiffs violated Rule 11 based upon an erroneous belief that Defendant required Plaintiffs' consent to amend its filings. Defendant is thus the "prevailing party" with regard to the motion for sanctions. As Plaintiffs are self-represented, and as their error does not appear to have been made in bad faith, the court will not impose a financial sanction of any kind at this time. Defendant's request for attorney's fees is therefore DENIED.

The court reminds all parties that they must comply with the applicable rules and warns that incivility will be not countenanced in the course of this litigation. *See Kyler v. Everson*, 442 F.3d 1251, 1254 (10th Cir. 2006) ("We further emphasize that all litigants must demonstrate a level of civility in pleadings and proceedings that displays a basic understanding of and respect for the courts and the rule of law in this nation."); *Bruhl v. PricewaterhouseCoopers Int'l*, 2008 WL 2949507, at *6 (S.D. Fla. July 29, 2008) ("All parties in litigation (be they the actual litigants or their counsel) ought to behave with civility and professionalism towards each other and the court.").

## CONCLUSION

For the foregoing reasons, Defendant's motion to amend is DENIED WITHOUT PREJUDICE, Plaintiffs' motion for sanctions is DENIED, and Defendant's request for an award of attorney's fees is DENIED.

SO ORDERED.

Dated in Burlington, in the District of Vermont, this 12th day of January, 2011.

_____
Christina Reiss, Chief Judge
United States District Court

---

[1] Fed. R. Civ. P. 11(c)(2) provides that, "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion [for sanctions]."