UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

JOHN NORTON-GRIFFITHS, )
MARILYN NORTON-GRIFFITHS, )
)
Plaintiffs, )
)
v. ) Case No. 5:10-cv-169
)
WELLS FARGO HOME MORTGAGE, )
)
Defendant. )

**ENTRY ORDER
GRANTING DEFENDANT'S RENEWED MOTION TO AMEND
AND GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION TO AMEND**
(Docs. 30 & 32)

This matter comes before the court on Defendant's motion to amend its filings, *nunc pro tunc*, to correct the name of the corporate defendant in its filings in this action (Doc. 32), and on Plaintiffs' motion to amend the Complaint (Doc. 30).

Plaintiffs filed this action, alleging that Defendant had failed to properly implement Plaintiffs' proposed modification to the interest rate set forth in Plaintiffs' residential mortgage, and asserting, among other things, that Defendant has violated a number of federal laws and regulations in its dealings with Plaintiffs.

I.   **Defendant's Motion to Amend its Filings.**

In their initial Complaint, Plaintiffs alleged that Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A., held their residential mortgage and asserted claims against that entity. Defendant's original notice of appearance and corporate disclosure statement, however, were filed on behalf of Wells Fargo Home Mortgage, Inc. As Plaintiffs correctly pointed out, Wells Fargo Home Mortgage, Inc. is not a party in interest to their residential mortgage and is not a party to this litigation. After further research, Defendant agreed and, through its counsel, moved to amend, *nunc pro tunc*, its

corporate disclosure statement and previous self-identification in its filings. Plaintiffs opposed that motion.

The court subsequently denied Defendant's motion to amend without prejudice, requiring, as a condition precedent to the proposed amendment, that Defendant's counsel file a declaration under oath, identifying the corporate entity they represent and explaining how that entity allegedly came to hold Plaintiffs' residential mortgage. Defendant has filed a declaration that complies with the court's Order. Plaintiffs nonetheless continue to oppose Defendant's motion to amend, arguing that "the Declaration is not in accordance with the Court's Decision and Order [Document 28] and is, in and of itself, False, states No Facts which are of the deponent's Own Knowledge and may prove to be Perjury." (Doc. 34 at 1.) Plaintiffs ask the court to hold an evidentiary hearing so that they may examine Defendant's counsel under oath regarding the Declaration.

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993); *see also State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) ("Reasons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party."). A court must have "good reason" to deny leave to amend. *See Kropelnicki v. Siegel*, 290 F.3d 118, 130 (2d Cir. 2002).

Plaintiffs challenge the Declaration on the grounds that it does not comport with proper corporate governance in that Attorney Schnipper allegedly lacks legal authority to speak on behalf of his client. The Declaration complies with the court's Order and nothing more is required. Defendant is entitled to amend its filings with this court and Plaintiffs are entitled to challenge those filings, as amended. Defendant's motion for leave to amend *nunc pro tunc* (Doc. 32) is hereby GRANTED.

## II. Plaintiffs' Motion for Leave to Amend the Complaint.

By Opinion and Order dated January 7, 2011, the court granted Defendant's partial motion to dismiss certain claims set forth in Plaintiffs' initial Complaint for failure to state a claim. In particular, the court found that Plaintiffs had failed to plead facts that would support a legal conclusion that Defendant had violated the Truth in Lending Act, 15 U.S.C. §§ 1601-1667 (the "TILA"). In addition, the court concluded that Plaintiffs had failed to set forth a factual basis for their allegations that Defendant had violated 15 U.S.C. §§ 1639(b)(2)(A) and 1639(f) of the Home Ownership Equity Protection Act of 1994 ("HOEPA"). In so ruling, the court granted Plaintiffs leave to amend their Complaint "to assert facts in support of their HOEPA claims as Plaintiffs raised those claims for the first time in their briefs and thus may have not set forth all of the facts upon which their claims are based." (Doc. 26 at 12.)

Plaintiffs' proposed Amended Complaint includes additional facts relevant to their HOEPA claims. Plaintiffs also seek to add claims of alleged violations to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA") and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-2617 ("RESPA").

Defendants oppose Plaintiffs' motion to amend, arguing that: (1) it is untimely; (2) Plaintiffs failed to seek Defendant's consent to their proposed amendments as required by Local Rule 7(a)(7); (3) Plaintiffs' additional facts do not state a claim under HOEPA; (4) there is no private right of action under FCRA; and (5) Plaintiffs' proposed Amended Complaint contains legal arguments and questions that should not be included in a complaint and are impossible to answer.

### A. Plaintiffs' HOEPA Claims.

Plaintiffs identify a number of additional facts in support of their HOEPA claims, including an allegation that Plaintiffs executed a mortgage dated May 13, 1998, to secure a debt in the original amount of $173,448.98, which was paid off in September 1998. Plaintiffs describe this "Mortgage Loan" as a "Home Equity Loan." (Doc. 30-13 at 13.) The points and fees for this transaction were $7,051.02. Plaintiffs further allege that, in September 1998, they "refinanced" the Home Equity Loan through Norwest Mortgage, Inc., which paid off the May 1998 loan. The refinancing was for $186,000, and the

amount of points and fees related to this transaction was $5,633.50. Plaintiffs assert that this, too, is a "Home Equity Loan." (Doc. 30-13 at 13-14.) Plaintiffs received a TILA disclosure with this September 1998 transaction. Based on these facts, Plaintiffs allege that their mortgage loan is not a "residential mortgage transaction," as defined in 15 U.S.C. § 1602(w), but is, instead, a "Home Equity Loan." Accordingly, they argue that their residential mortgage falls within 15 U.S.C. § 1602(aa) that defines all remaining mortgages other than a residential mortgage transaction.

Plaintiffs, however, acknowledge that § 1602(aa) imposes two additional requirements for protection under HOEPA which they cannot satisfy: (1) the rate of interest must exceed a yield on certain Treasury securities by more than 10%; or (2) the total points and fees payable at closing must exceed the greater of 8% or $400. Conceding that their Home Equity Loan does not satisfy these requirements, they ask the court to "consider and take its own view on the terms of this statutory definition in 15 USC § 160[2](aa)." (Doc. 30-1 at 4.) As a matter of statutory interpretation, Plaintiffs ask the court to find that it would be absurd to construe HOEPA in a manner that leaves their residential mortgage without some form of truth-in-lending protections.

In light of the plain and unambiguous statutory requirements for HOEPA protection, the court cannot create protections which Congress has declined to enact through the guise of statutory interpretation. *See Montefiore Hosp. & Med. Ctr. v. NLRB*, 621 F.2d 510, 514 (2d Cir. 1980) ("[c]onfronted with [a statute] whose language is crystal clear [, a court] cannot disregard the ordinary meaning of plain language[.]"). On the other hand, Plaintiffs may include their additional facts in their proposed Amended Complaint and may argue in favor of an extension of HOEPA-like protections to their particular situation, provided there is a nonfrivolous basis for doing so. *See* Fed. R. Civ. P. 11(b)(2) (every pleading contains a certification to the court that "the claims . . . or other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]"). Leave to amend to include Plaintiffs' proposed HOEPA claims as currently framed is thus hereby DENIED WITHOUT PREJUDICE. However, leave to amend to include Plaintiffs' additional facts it is hereby GRANTED.

### B. Plaintiffs' RESPA Claim.

"The purpose of RESPA is to address 'certain abusive practices that have developed' in relation to the disclosure of information regarding the 'nature and costs of the [real estate] settlement process.'" *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d 178, 184 (2d Cir. 2005) (quoting 12 U.S.C. § 2601). Plaintiffs' RESPA claim is premised on certain subsections of § 2605, which provide that a consumer may request information concerning his or her mortgage loan from a loan servicer by sending a qualified written request. In turn, the servicer must first acknowledge and then answer the request within twenty and sixty days, respectively. 12 U.S.C. §§ 2605(e)(1)(A) and (e)(2). In their proposed Amended Complaint, Plaintiffs allege that none of Defendant's "supposed 'acknowledgments'" to Plaintiffs' first three qualified communications comply with the requirements of § 2605(e)(1)(A), and that Defendant "never bothered to acknowledge" their remaining communications. (Doc. 30-13 at 24, citing Docs. 30-7, 30-8, 30-9, 30-11, 30-14.)

Defendant does not oppose Plaintiffs' motion to amend their Complaint to add the RESPA claim, and Plaintiffs have asserted sufficient facts to support that claim. Provided Plaintiffs comply with those provisions of this Order governing compliance with the Local Rules and the Federal Rules of Civil Procedure, the court GRANTS Plaintiffs leave to amend their Complaint to add the RESPA claim.

### C. Plaintiffs' FCRA Claim.

FCRA "requires consumer reporting agencies 'to follow reasonable procedures to assure the maximum possible accuracy of the information concerning the individual about whom the report relates.'" *White v. First Am. Registry, Inc.*, 378 F. Supp. 2d 419, 420 (S.D.N.Y. 2005) (quoting 15 U.S.C. § 1681e(b)). Section 1681s-2(a) imposes a duty on "furnishers of information" to "provide accurate information" to consumer reporting agencies. Plaintiffs allege in their proposed Amended Complaint that Defendant has reported their loan to credit reporting agencies as delinquent since May or June 2010 and, as a consequence, the credit limit on two of their credit cards has been reduced. They

further allege that Defendant has not informed them of the negative reports it has provided the credit reporting agencies. Plaintiffs allege that Defendant reported credit information regarding Plaintiffs that Defendant knows to be false.

Defendant asks the court to deny Plaintiffs leave to amend to file their proposed FCRA claim because FCRA does not provide a consumer with a private right of action against any person who willfully or negligently fails to comply with any requirement imposed by FCRA with respect to that consumer. 15 U.S.C. §§ 1681n(a), § 1681o(a). Instead, "[t]he provisions of law described in paragraphs (1) through (3) of subsection [1681s-2](c) of [FCRA] . . . shall be enforced exclusively as provided under section 1681s of this title by the Federal agencies and officials and the State officials identified in section 1681s of this title." 15 U.S.C. § 1681s-2(d). Numerous cases in the Second Circuit support that conclusion. *See, e.g., MacPherson v. JP Morgan Chase Bank, N.A.*, 2010 WL 3081278, at *4 n.6 (D. Conn. Aug. 5, 2010) ("[T]here is no private right of action for such a violation [under § 1681s-2(a)], and individuals aggrieved by a violation based on this provision must rely on state or federal officials to sue on their behalf pursuant to 15 U.S.C. § 1681s(c)."); *White*, 378 F. Supp. 2d at 423 ("[S]ubsection [1681s[-2](c) provides that there is no private damage remedy for violation[ ] of Section[] 1681s [-2](a). . . , and subsection (d) then provides that only federal and state agencies may seek redress for violations of subsection[] (a). . . ."); *Trikas v. Universal Card Servs. Corp.*, 351 F. Supp. 2d 37, 44 (E.D.N.Y. 2005) ("First, there is no private right of action under section 1681s-2(a), which requires 'furnishers of information' to provide accurate information to consumer reporting agencies.") (citation omitted); *Kane v. Guaranty Residential Lending, Inc.*, 2005 WL 1153623, at *4 (E.D.N.Y. May 16, 2005) ("While plaintiffs may not enforce the terms of § 1681s-2(a) through a private cause of action, they can report violations to the Federal Trade Commission, which is authorized to enforce the terms of Subsection[ ](a) under the FCRA.") (citation omitted).

Consequently, because Plaintiffs' proposed Amended Complaint does not allege facts that state a claim under FCRA § 1681s-2(a), their proposed amendment is futile and must be DENIED. *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282

F.3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6).").

### D. Plaintiffs' Alleged Non-Compliance.

Defendant asks the court to deny Plaintiffs leave to amend because Plaintiffs have failed to comply with the court's deadline for doing so, failed to seek Defendant's consent, and have filed a thirty-six page proposed Amended Complaint that contains sixteen pages of "Memorandum & Argument" and a "Conclusion" consisting of five pages of questions to be answered in a jury trial which Defendant claims are both improper and impossible to admit or deny.

Although Plaintiffs are self-represented, they have demonstrated that they are familiar with this court's Local Rules and with the Federal Rules of Civil Procedure. In addition, the court's records reveal that Plaintiffs have filed several lawsuits in the District of Vermont and have been parties to others. Accordingly, Plaintiffs are not neophytes in the litigation process. In its January 7, 2011 Opinion and Order, the court directed Plaintiffs to comply with the court's deadline, its Local Rules, and the Federal Rules of Civil Procedure in filing a proposed Amended Complaint.

The court excuses Plaintiffs' one-day delay in complying with the court's deadline of twenty days, finding any delay *de minimus* and excused by Plaintiffs' efforts to comply with the court's deadline through electronic filings that failed for technical reasons.

As to the requirement that Plaintiffs seek Defendant's consent for their proposed amendments as required by Local Rule 7(a)(7), Plaintiffs argue that they were previously granted leave to amend their HOEPA claims, they had already announced their intention to file FCRA and RESPA claims, and that in light of the history between the parties, "Plaintiffs had no doubt they would be wasting their time, on this occasion, by even asking" and "had no wish to subject themselves to further displays of Counsel's incivility and animosity[.]" (Doc. 35 at 3-4.) Noncompliance with this court's Local Rules cannot be excused on the basis of anticipated incivility and the court's previous leave to amend clearly extended only to Plaintiffs' HOEPA claims. Plaintiffs must therefore first seek Defendant's consent to their proposed Amended Complaint before renewing their request

for leave to amend. This requirement is not a meaningless gesture. It allows the parties through the consent process to narrow the scope of any dispute regarding the proposed amendments prior to seeking judicial involvement regarding the same. Of course, it further follows that a defendant may withhold its consent only on a good faith basis.

Finally, Defendant asks the court to deny Plaintiffs leave to amend the proposed Amended Complaint in the form in which it has been submitted because it contains legal arguments and questions that cannot be readily answered and which are beyond the scope of pleading authorized by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(d)(1) further states that "[e]ach allegation must be simple, concise, and direct." However, "[n]o technical form is required." *Id.* Plaintiffs' proposed Amended Complaint contains legal arguments and questions that cannot be answered by a "short and plain" admission, denial, or defense as contemplated by Fed. R. Civ. P. 8(b). Although Plaintiffs' proposed Amended Complaint is not deficient as to form, it contains surplusage that is likely to render it difficult to isolate those allegations which are contested from those allegations that are not. Plaintiffs are thus hereby ORDERED to omit from their proposed Amended Complaint any legal arguments and questions. In doing so, Plaintiffs shall not be deemed to have waived their right to present their legal arguments and their questions at a later time.

### III.  Conclusion.

The deadline for Plaintiffs' compliance with this court's January 7, 2011 Opinion and Order is hereby extended until April 4, 2011 so that Plaintiffs may comply with the Local Rules, the Federal Rules of Civil Procedure, and this Entry Order, as a condition precedent to seeking leave to amend their complaint.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 11th day of March, 2011.

Christina Reiss, Chief Judge
United States District Court